E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BRUCE K. RIORDAN (Cal. Bar No. 127230)
KELLYE NG (Cal. Bar No. 313051)
Assistant United States Attorneys
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0480/8408
     Facsimile: (213) 894-0141
     E-mail:    bruce.riordan@usdoj.gov
                Kellye.ng@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>PHILIP ALAN DRECHSLER,<br><br>            Defendant. | No. 23-0216-RGK<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:** 03/05/24<br>**[PROPOSED] TRIAL DATE:** 06/04/24 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Bruce K. Riordan and Kellye Ng, and defendant Philip Alan Drechsler, by and through his counsel of record, Deputy Federal Public Defender Kate Morris, hereby stipulate as follows:

1.   The Indictment in this case was filed on May 4, 2023. (Dkt. No. 7.) On May 30, 2023, defendant DRECHSLER first appeared before a judicial officer of the court in which the charges in this case were

pending. (Dkt. No. 10.) At the request of the parties, the Court subsequently set the initial trial date for defendant for March 5, 2024. (Dkt. No. 26.)

2. Defendant is currently detained pending trial.

3. The parties estimate that the trial in this matter will last approximately 3-4 days.

4. By this stipulation, and for the reasons set forth herein, defendant moves to continue the trial date in this matter to June 4, 2024.

5. This is the second request for a continuance in this matter.

6. Defendant requests the continuance based upon the following facts, which he and his counsel believe demonstrate sufficient good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with violations of 18 U.S.C. § 2252A(2): Distribution of Child Pornography.

    b. Because of the voluminous nature of the discovery in this matter, much of it derived from digital sources, the government has produced the discovery in phases. Because of the number of digital devices involved in the investigation, these productions are very voluminous. Moreover, due to the nature of the charges, and the sensitive nature of some of the discovery files, portions of the discovery cannot be produced by way of traditional discovery and must be redacted prior to production and viewed by defense counsel, and her investigative team, in a secure setting, a process which is itself both labor intensive and time-consuming.

       c.    The government produced the initial **First and Second Discovery Productions** for defendant in June 2023 and the defense has reviewed that production.

       d.    The government made **Discovery Production Three** and **Discovery Production Four** during the remainder of 2023. The defense has reviewed these productions.

       e.    **Discovery Production Five** was made on January 16, 2024. **Discovery Production Six** was made on January 22, 2024. Both of these productions are under review. The parties met on January 31, 2024 to review certain files in a secure location.

       f.    A seventh discovery production, **Discovery Production Seven**, smaller than the prior productions, is expected to be made in the next two weeks. With the seventh discovery production, the phases of discovery production will in large part, be complete.

       g.    Counsel for defendant is working with her staff and investigators to collate and review all of the digital discovery, some of which, as noted above, is not produced by way of traditional discovery and must be viewed by defense counsel, using time time-consuming protocol that involves the cooperation of both the government and defense counsel.

       h.    Counsel for defendant also represents that, in addition to the trial obligation in this matter, and the review of the substantial quantity of discovery entailed in that obligation, she has numerous previously scheduled court appearances and trial-related obligations in other matters including the following specific matters: *United States v. Tatianna Ewers*, 23-cr-00548-FMO, a theft of mail by postal employee and opening and destruction of mail case scheduled for trial on February 20, 2024 and anticipated to last

3

three to four days; *United States v. Leonel Adame*, 23-cr-00244-PA, an engaging in dealing firearms without a license, conspiracy to distribute controlled substances, distribution of controlled substances, and 922(g) case scheduled for trial on February 27, 2024 and anticipated to last three days; *United States v. Jason Donner*, 2-cr-00177-AB, a felon in possession of a firearm, aggravated identity theft, possession of unauthorized access devices, unlawful possession of a postal key, and possession of stolen mail case scheduled for trial on March 19, 2024 and anticipated to last four to five days; *United States v. Enrique Garcia Salazar*, 23-cr-00050-FLA, an aggravated identity theft, access device fraud, and possession of stolen mail case scheduled for trial on March 19, 2024 and anticipated to last three to four days; *United States v. Marlon Ramos*, 17-cr-00701-GW, an aggravated identity theft, access device fraud, possession of stolen mail, unlawful possession of counterfeit postal key, and felon in possession of a firearm case scheduled for trial on March 26, 2024 and anticipated to last two to three days; *United States v. Jose Lopez*, 23-cr-00439-SB, an assault case scheduled for trial on April 9, 2024 and anticipated to last five days; *United States v. Marcus Buchanan*, 22-cr-00275-JLS, an interstate threats to damage and destroy buildings through fire and explosives case scheduled for trial on April 16, 2024, and anticipated to last two to three days; *United States v. Guillermo Godinez*, CC21 E1469681/82, a Central Violations Bureau DUI case scheduled for trial on July 18, 2024 and anticipated to last two days; *United States v. Markham Bond*, 23-cr-00615-WLH, a Hobbs Act robbery, 924(c), and 922(g) case scheduled for trial on July 23, 2024 and anticipated to last three days; and *United States v. Ji Ryang*

*Chae*, 23-cr-00131-MCS, a sex trafficking conspiracy case scheduled for trial on October 29, 2024 and anticipated to last seven to ten days.

  i. As a result of these prior obligations, counsel for defendant represents that she will not have the time she believes is necessary to try this case on the current trial date. The requested date will also avoid conflicts with those previously set trial obligations.

  j. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with her client, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  k. Defendant believes that failure to grant the continuance will deny them continuity of counsel and adequate representation.

  l. For all the reasons stated herein, the government does not object to the continuance.

  m. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorneys to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 5, 2024, through June 4, 2024 inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 31, 2024           Respectfully submitted,

                                  E. MARTIN ESTRADA
                                  United States Attorney

                                  MACK E. JENKINS
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                  /s/Bruce K. Riordan
                                  BRUCE K. RIORDAN
                                  KELLYE NG
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA


I am Philip Alan Drechsler's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 4, 2024 is an informed and voluntary one.

_____          2/1/2024
KATE MORRIS                        Date
Deputy Federal Public Defender
Attorney for Defendant
PHILIP ALAN DRECHSLER

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than June 4, 2024.

_____   2/1/24
PHILIP ALAN DRECHSLER              Date
Defendant

8