E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BRUCE K. RIORDAN (Cal. Bar No. 127230)
Assistant United States Attorney
Violent & Organized Crime Section
  1300 United States Courthouse
  312 N. Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-0480
  Facsimile: (213) 894-3713
  E-mail: bruce.riordan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>     v.<br><br>PHILLIP ALAN DRECHSLER,<br><br>   Defendant. | No. CR 23-216-RGK<br><br>GOVERNMENT'S SENTENCING POSITION REGARDING SENTENCING OF DEFENDANT PHILLIP ALAN DRECHSLER; DECLARATION OF BRUCE K. RIORDAN<br><br>DATE: December 9, 2024<br>TIME: 10:00 A.M. |

  Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Bruce K. Riordan, hereby files its Sentencing Position for Defendant PHILLIP ALAN DRECHSLER.

  //

  //

This Sentencing Position is based on the attached memorandum of points and authorities, the files and records in this case, and the two impact statements filed concurrently under seal.

Dated: December 2, 2024

Respectfully submitted,

E MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

    /s/
BRUCE K. RIORDAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant PHILLIP ALAN DRECHSLER ("defendant") pled guilty to Count One of the Indictment in this case, admitting his knowing possession of child pornography, in violation of 18 U.S.C. § 2252(A)(a)(50(B). (Dkt. 75.) Defendant's guilty plea was entered pursuant to a written plea agreement filed with the Court. (Dkt. 7.)

The United States Probation Office has released its presentence investigation report ("PSR"). (Dkt. 78.) According to the Probation Office's analysis, defendant's total offense level, after acceptance of responsibility, is 29, and his criminal history category is I, a matrix resulting in an advisory Guidelines range of 87 to 108 months. (PSR, p. 3 "Guideline Summary.") The Probation Office observed that the minimum term of imprisonment is five years and the maximum term is 20 years. (PSR ¶92.) The PSR also observed that there is a mandatory supervised release terms of 5 years to life. (Id. at ¶¶ 96-7.)

In the plea agreement between the parties, defendant and the government agreed and stipulated to an adjusted offense level of 28 (22 + 6) minus three levels for acceptance of responsibility for a resulting total offense level of 25. (Dkt. 72 at p. 12.) According to the PSR, an offense level of level 25 combined with a criminal history category of I, the resulting "guideline[s] imprisonment range is 57-71 months . . . [h]owever the statutory authorized minimum sentence of five years is greater than the minimum of the guideline range; therefore, the guideline range is 60 months to 71 months." (PSR at ¶ 95.)

The government also agreed to recommend a sentence no higher than the statutory mandatory minimum and with this filing the government does recommend a sentence of 60 months imprisonment. The government also recommends a 15-year term of supervised release to follow the term of imprisonment.

The government submits that the recommended sentence is appropriate to the facts and circumstances of this case, is sufficient, but not greater than necessary, under the 18 U.S.C. § 3553(a) factors to reflect the seriousness of defendant's crimes, promote respect for the law, provide just punishment for the offense and ensure public safety.

## II. OFFENSE CONDUCT

### A. The Guilty Plea Admissions

In his plea agreement and during his guilty plea, defendant admitted the follow facts. He agreed that from at least May 7, 2021 to June 5, 2021, defendant knowingly distributed matters that defendant knew constituted child pornography via the Internet, using a computer with Internal Protocol ("IP") addresses subscribed to him at his residence in Los Angeles, California. Defendant admitted distributing the following four video files which are described in the plea agreement:

(1) 2010_Pivate_11yo_daughter_masturbation_in_her_room_very_good;
(2) new 8 yo slut spread pussy close view;
(3) g_jb1620; and
(4) boquerita2.

Defendant admitted that he knew the images and videos that he distributed and possessed contained visual depictions of minors engaging in sexually explicit conduct, and that he knew that

2

production of such visual depictions involved use of minors engaged in sexually explicit conduct.

Defendant admitted that the children depicted in the child pornography images and videos are real children, and defendant downloaded the images and videos from the Internet, which is a means and facility of interstate and foreign commerce, using a computer.

In his plea agreement, defendant also admitted that he knew that the above describe video files included visual depictions of a minor under the age of 12 engaging in sexually explicit conduct.

### III. GUIDELINES CALCULATION

**A. Calculations**

In the Plea Agreement filed with the Court, the parties agreed, pursuant to U.S.S.G. § 2G2.2, to the following Guidelines calculations:

|  |  |
| --- | --- |
| Base Offense Level: | 22 [U.S.S.G. § 2G2.2(a)(2)] |
| Minor Under 12: | +2 [U.S.S.G. § 2G2.2(b)(2)] |
| Use Of Computer: | +2 [U.S.S.G. § 2G2.2(b)(6)] |
| Involved Distribution: | +2 [U.S.S.G. § 2G2.2(b)(3)(F)] |
| **Acceptance of Resp.** | **-3** |
| **Total Offense Level** | **25** |

The USPO calculation of the defendant's offense level concurs with these calculations. (PSR ¶¶ 25-28.) The PSR also recommends increasing defendant's offense level by an additional 4-levels to a level 29 pursuant to U.S.S.G. §2G2.2(b)(7)(C) based on the number of images converting the four videos in the plea agreement to 300 images using a multiplier derived from Application Note 6(b)(ii) for U.S.S.G Section 2G2.2. (PSR ¶¶29, 92.)

3

The government abides by its agreement with defendant and recommends that this Court apply a total offense level of 25.

### B. Criminal History Category

The government agrees with Probation that defendant's total criminal history score is zero and that he is a Criminal History Category of I. (PSR ¶¶ 40-47.)

### C. Resulting Guidelines Range

As noted in the PSR, (PSR ¶ 92), the agreed upon offense level in the Plea Agreement does not include a 4-level increase for "number of images." To afford the defendant the benefit of the plea bargain and in light of all the facts and circumstances surrounding the offense conduct, the government respectfully recommends that the Court not apply of the 4-level enhancement for "number of images."

Based on the foregoing, the government submits that the total offense level for defendant, after acceptance of responsibility, should be 25. A total offense level of 25, combined with a criminal history category of I, results, when factoring in the statutory mandatory minimum of five years, in an advisory Guidelines range of 50-71 month range. For the reasons set forth below, the government believes that a sentence of 60-months imprisonment to be followed by a twenty-year period of supervised release under all of the terms and conditions detailed in the Plea Agreement, is appropriate.

### IV. Legal Background

"All sentencing proceedings are to begin by determining the applicable Guidelines range," which serves as "the starting point and the initial benchmark" for determining a reasonable sentence. United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008)(internal quotation

marks and citation omitted).  The parties should then be given an opportunity to argue for what they believe is an appropriate sentence.  Id.  Following argument by the parties, the Court must consider each of the sentencing factors listed in 18 U.S.C. § 3553(a), including the applicable Guidelines range, "to decide if [those factors] support the sentence suggested by the parties."  Id.; see also Gall v. United States, 552 U.S. 38, 49 (2007).  In the end, the Court must impose a sentence that is "sufficient, but not greater than necessary," to reflect the offense's seriousness, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.  See 18 U.S.C. § 3353(a); Carty, 520 F.3d at 991.

**V.   Analysis of the Sentencing Factors**

An analysis of the sentencing factors in this matter supports the government's sentencing recommendation.

By way of background and context, the Criminal Docket reflects that defendant has been in custody since his arrest on a criminal complaint on or about April 20, 2023. (Dkt. 6.)  The arrest took place in Cincinnati, Ohio and the defendant was transported in the custody of the United States Marshals Service to this District where he was arraigned on the indictment in this case. (Dkt. 13.)  On May 30, 2023, at defendant's initial appearance in this district, the government sought detention and defendant was temporarily detained by Magistrate Judge Sager pending a detention hearing she set for June 6, 2023.  At the June 6 detention hearing, Judge Sager ordered defendant permanently detained.  (Dkt. 21, 22.)  In September 2023,

5

defendant sought reconsideration of the detention order and requested that terms and condition of bail be set. (Dkt. 27) The government opposed bail and over the next several months Judge Sagar held several hearings addressing the matter of detention and the terms and conditions of detention. (Dkt. 37, 40, 46.) In January 2024, defendant sought this Court's review of his terms of detention. (Dkt. 61.) This Court ordered briefing, (Dkt. 62.); the parties briefed the issue, (Dkt. 64, 68.); and on February 29, 2024 this Court denied the defendant's application for review of the detention order. (Dkt. 70.)

Defendant is presently in custody.

During the course of these several hearings, held over a period of approximately 9 months, the government reviewed substantial briefing as well as several detailed reports prepared by the Pre-trial Services officers assigned to the matter. As a result, the government become very familiar with defendant's characteristics and his background, including his lack of criminal history, as well as the impact of defendant's action on his family – as reflected in the two statements filed under seal with this Court. In addition to that information, the government conducted a review of the evidence, the applicable guidelines, conducted several pre-plea conferences with defense counsel.

Taking all of this into consideration, the government is persuaded that a balancing of the Section 3553(a) factors weighs in favor of the recommended sentence of 60 months in custody.

The government believes that the recommended sentence takes into consideration the serious nature and circumstances of the offense itself. Defendant's instant offense conduct is very serious and

fully warranting the recommended custodial sentence. In addition to the criminal conduct itself, defendant's behavior has also a serious impact had on his family as reflected in the two statements filed under seal.[1]

In mitigation, the government is mindful that this is defendant's first conviction of any kind and that defendant has no prior criminal history.

All of these factors are accounted for in the government's sentencing recommendation, which balances the history and characteristics of the defendant with the nature of the crimes and the need for deterrence.

## VI.   CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to: (1) a sentence of 60 months in custody; (2) a fifteen-year period of supervised release; and (3) a mandatory special assessment of $100.

---

[1] Defense has not objected to the two exhibits being filed under seal but has preserved an objection to the admissibility and substance of the Exhibits.

**DECLARATION OF BRUCE K. RIORDAN**

I, Bruce K. Riordan, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the United States in this case.

2. I am filing concurrently with the government sentencing position in this matter true and correct copies of two Impact Statements sent by victims in this case to the Victim-Witness Coordinator of my Office. **Exhibit 1** is the Impact Statement of M.D. **Exhibit 2** is the Impact Statement of J.D. I am seeking the authority to file the two Impact Statements **under seal** to protect the privacy interests of the two declarants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on December 2, 2024.

                                                s/ *Bruce K. Riordan*
                                                BRUCE K. RIORDAN

# EXHIBIT 1

# Filed Under Seal

# EXHIBIT 2

# Filed Under Seal